# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: D.L., B.R., and S.C.**

**No. 13-1045** (Kanawha County 11-JA-139, 11-JA-140, and 11-JA-141)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Jennifer Victor, appeals the Circuit Court of Kanawha County's September 19, 2013, order terminating her parental rights to D.L., B.R., and S.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. Respondent Father, Stephen C., by counsel Sharon Childers, filed a response in support of the circuit court's order.[1] The guardian ad litem, Robin Louderback, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in: terminating her dispositional improvement period, denying her motion to reinstate her improvement period, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2011, the DHHR filed an abuse and neglect petition against Petitioner Mother. The petition alleged a history of domestic violence in the presence of the children. Following the preliminary hearing, the circuit court ordered the DHHR to retain physical custody of the children. Additionally, the circuit court ordered that Petitioner Mother receive supervised visitation, attend parenting education classes, and submit to random drug tests.

In April of 2012, the circuit court granted Petitioner Mother a pre-adjudicatory improvement period with conditions that included participating in parenting and adult life skills classes, attending domestic violence counseling, maintaining suitable housing, maintaining employment, submitting to random drug screens, and participating in individualized psychological therapy.

By order entered on March 26, 2013, Petitioner Mother stipulated that domestic violence occurred in the presence of the children. The circuit court also found that Petitioner Mother

---

[1]Stephen C. is the biological father of D.L. and has physical custody of S.C. with the permanency plan of adoption therein. B.R.'s biological father is Joseph R. who successfully completed his improvement period. B.R. now resides with Joseph R.

1

failed to successfully complete her pre-adjudicatory improvement period and scheduled a dispositional hearing.[2] Shortly thereafter, the circuit court granted Petitioner Mother a ninety-two day dispositional improvement period. As part of this improvement period, Petitioner Mother was ordered to attend general education development ("GED") classes, obtain her GED, begin phlebotomy training, maintain housing, maintain employment, attend anger management classes, and attend supervised visitation. In June of 2013, the circuit court held a review hearing on Petitioner Mother's dispositional improvement period. During the hearing, the circuit court found that Petitioner Mother did not substantially comply with the terms of her improvement period. As a result, the circuit court terminated Petitioner Mother's improvement period and scheduled a dispositional hearing.

At the dispositional hearing on July 23, 2013, the circuit court heard testimony from two service providers and Petitioner Mother. After considering the evidence, the circuit court terminated Petitioner Mother's parental rights. The circuit court found that Petitioner Mother did not respond to services designed to reduce or prevent abuse and neglect. It is from this order that Petitioner Mother now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother raises three assignments of error. Petitioner Mother's first and second assignments of error are substantially related and will be addressed together. First, Petitioner Mother argues that the circuit court erred in terminating her dispositional improvement period. Petitioner Mother claims that she was denied an opportunity to participate in the dispositional improvement period because the DHHR failed to provide her with services. Second, Petitioner Mother argues that the circuit court erred in denying her motion to reinstate her dispositional improvement period.

---

[2]The circuit court directed that Petitioner Mother continue to receive services pending her dispositional hearing.

We begin our analysis by noting that West Virginia Code § 49-6-12(f) states that "when the [DHHR] demonstrates that [Petitioner Mother] has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period." In the instant matter, the circuit court was presented with evidence that Petitioner Mother failed to comply with the terms of her improvement period. Specifically, during a review hearing of Petitioner Mother's dispositional improvement period, the circuit court heard testimony from social worker Katheren DeLuca, regarding Petitioner Mother's lack of progress in maintaining suitable housing, obtaining her GED, and complying with other services. Further, Petitioner Mother failed to successfully complete a one year pre-adjudicatory improvement period, which had similar terms and conditions.

This evidence is also sufficient to support the circuit court's order denying Petitioner Mother's motion to reinstate her dispositional improvement period. West Virginia Code § 49-6-12(c) grants circuit courts the discretion to grant an improvement period as a disposition. "It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ." Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, *id*. For these reasons, the Court finds no error in the circuit court's order terminating her dispositional improvement period and no abuse of discretion in denying Petitioner Mother's motion to reinstate her improvement period.

Petitioner Mother also argues that she was unfairly prejudiced by the termination of her dispositional improvement period because the DHHR failed to file a written motion to terminate the dispositional improvement period.

We have previously held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). While it is true that the DHHR failed to file a motion to terminate Petitioner Mother's dispositional improvement period, the record does not support Petitioner Mother's argument. The July 23, 2013, hearing was very clearly a dispositional hearing, and petitioner was afforded notice as required by Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and the opportunity to be heard as required by that same Rule and West Virginia Code § 49-6-5(a). Moreover, the order granting Petitioner Mother a dispositional improvement period clearly stated that "a dispositional hearing will be held on July 23, 2013." Further, the DHHR filed a family case plan on March 8, 2013, seeking the termination of Petitioner Mother's parental rights. This plan served to put Petitioner Mother on notice that the DHHR was seeking the termination of her

parental rights. Petitioner Mother was present at the dispositional hearing and was permitted to cross-examine the DHHR's witnesses and testify on her own behalf. Therefore, the Rules were not "substantially disregarded or frustrated" and the Court finds no error.

Finally, Petitioner Mother argues that the circuit court erred in terminating her parental rights. Petitioner Mother claims that the circuit court should have considered a less drastic dispositional alternative because termination was not in the children's best interest. The record indicates that the circuit court was presented with sufficient evidence that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child . . . ." The DHHR initiated services with Petitioner Mother in 2011, and she was granted a pre-adjudicatory improvement period and a dispositional improvement period. Despite nearly two years of services, Petitioner Mother failed to meaningfully participate in her improvement periods and has failed to remedy the circumstances that led to the filing of the instant petition. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the September 19, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II